UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CSX Transportation, Inc.**<br>500 Water Street<br>Jacksonville, FL 32202<br>**Plaintiff,**<br><br>v.<br><br>**Newhaven Distribution Services, Inc.**<br>999 East 149th Street<br>Bronx, NY 10455<br>**Defendant.** | CASE NO: |

## COMPLAINT

Plaintiff CSX Transportation, Inc., by and through its attorneys, files this Complaint against defendant Newhaven Distribution Services, Inc. ("Newhaven"), and in support thereof, avers as follows:

## PARTIES

1. Plaintiff, CSX Transportation, Inc. ("CSX") is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business in Jacksonville, Florida.

2. CSX operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board, and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*

3. Newhaven is a New Jersey corporation with its principal place of business in the Bronx, New York.

## JURISDICTION

4. Jurisdiction is based upon 28 U.S.C § 1337 as this is a cause of action arising under the Interstate Commerce Act, 49 U.S.C. §§10101 *et seq*.

5. Jurisdiction is also based upon 28 U.S.C § 1332 as the plaintiff and defendant are citizens of different states, and the amount at issue exceeds jurisdictional requirements.

## VENUE

6. Venue properly lies in this district pursuant to 28 USC § 1391(b) because the defendant resides in and is subject to personal jurisdiction in this judicial district, and a substantial part of the events or omissions giving rise to the plaintiff's claims occurred this judicial district.

## CAUSE OF ACTION
Failure to Pay Demurrage Charges

7. Pursuant to the mandate of 49 U.S.C. § 10746, CSX established rules related to the assessment and computation of rail car demurrage charges.

8. The rules which set forth the way demurrage charges are accrued and assessed are set out in CSX's tariffs, which are public tariffs posted on the internet.

9. Beginning in or about December of 2016 and continuing through August of 2020, pursuant to the terms of CSX's rail car demurrage tariffs, CSX agreed to and did release rail cars into the possession of Newhaven as consignee, and Newhaven accepted delivery of said rail cars.

10. Prior to the delivery of the rail cars, CSX provided Newhaven with actual notice of the terms of CSX's demurrage tariff, CSXT 8100.

11. CSXT 8100 includes an annual finance charge of 12% per annum and a 10% late fee on all unpaid invoices (or invoices paid after the due date) and expressly permits recovery of costs and attorney's fees incurred by CSX to collect the unpaid debt.

12. Newhaven failed to return possession of the rail cars to CSX within the allotted "free time" prescribed by the demurrage tariff, and as a result accrued demurrage charges and related charges in accordance with the terms of the governing tariff. Said charges accrued and total not less than $1,029,505.00 (the "Charges").

13. CSX has performed all conditions precedent necessary to be entitled to payment of the Charges from Newhaven.

14. Although demand has been made for payment of the Charges, Newhaven has failed and/or refused to pay those charges which are due and owing to CSX.

**WHEREFORE**, Plaintiff CSX Transportation, Inc. respectfully demands that judgment be entered in its favor and against defendant, Newhaven Distribution Services, Inc., in an amount not less than $1,029,505.00, along with such further demurrage charges that may accrue up until the time of trial, in addition to any finance charges which accrue up until the time of trial, together with costs and attorney's fees, as required by CSXT 8100, and such other relief as the Court may allow.

**KEENAN COHEN & MERRICK. P.C.**

By: s/ Nicholas J. Hubner
Nicholas J. Hubner, Esq.
125 Coulter Avenue
Ardmore, PA  19003
Phone: (215) 609-1110
Fax:   (215) 609-1117
nhubner@freightlaw.net
*Attorneys for Plaintiff*
*CSX Transportation, Inc.*

Date: September 1, 2020