UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CSX TRANSPORTATION, INC.

                                                                                                         **20cv7123**

        **Plaintiff,**

v.

**Newhaven Distribution Services, Inc.,**                 **ANSWER TO**
                                                                                  **COMPLAINT**

        **Defendant.**
-----------------------------------------------------------X

Defendant New Haven Distribution Services, Inc. ("Plaintiff") by and through its attorneys Milman Labuda Law Group PLLC answer the complaint of Plaintiff CSX Transportation, Inc. ("Plaintiff") as follows:

1. Defendant is without sufficient information or knowledge to admit the allegations in Paragraph 1 of the Complaint, and therefore, Defendant denies all such allegations and demands strict proof.

2. Defendant is without sufficient information or knowledge to admit the allegations in Paragraph 2 of the Complaint, and therefore, Defendant denies all such allegations and demands strict proof

3. Admit.

4. Admit

5. Admit

6. Defendant denies to the extent the allegations of paragraph 6 of the Complaint allege liability on behalf of Defendant.

7. Defendant is without sufficient information or knowledge to admit the allegations in Paragraph 7 of the Complaint, and therefore, Defendant denies all such allegations and demands strict proof.

8. Defendant is without sufficient information or knowledge to admit the allegations in Paragraph 8 of the Complaint, and therefore, Defendant denies all such allegations and demands strict proof.

9. Defendant denies the allegation of paragraph 9 of the Complaint.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. Defendant denies that CSX is "entitled to payment" as alleged in paragraph 13 of the Complaint and is without sufficient information or knowledge to admit the balance of the allegations in Paragraph 13 of the Complaint, and therefore, Defendant denies all such allegations and demands strict proof.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against DEFENDANT based on the facts, information and cause of action set forth in CSX's Complaint. The Complaint further fails to set forth sufficient facts to support a claim for the damages sought pursuant to any enforceable agreement to pay the demurrage charges alleged.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Defendant, as CSX has failed to incorporate or attach any enforceable written agreement and has failed to reference any applicable provision contained in any agreement entered into by the parties that gives rise to any obligation on the part of DEFENDANT for the alleged demurrage charges that could have been breached and/or any viable cause of action against DEFENDANT under the agreement, pursuant to applicable law.

**THIRD DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against DEFENDANT, as CSX has failed to incorporate or attach the "Invoices" referenced in Paragraph 11 of the Complaint. To the extent such Invoices reflect charges for demurrage, they are not assessable against DEFENDANT.

**FOURTH DEFENSE**

The Complaint should be dismissed, in whole or in part, pursuant to the doctrines of waiver and/or estoppel since it was CSX's own actions, or those of third parties, which caused or contributed to CSX's damages.

**FIFTH DEFENSE**

CSX's claims are barred, in whole or in part, by the equitable doctrine of laches.

**SIXTH DEFENSE**

CSX's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**SEVENTH DEFENSE**

CSX's damages, if any, are barred or must be reduced based upon its failure to properly mitigate its damages.

**EIGHTH DEFENSE**

CSX's claims against DEFENDANT are barred or limited based upon the principals of set-off in accordance with applicable law, including but not limited to all demurrage charges that CSX is seeking against DEFENDANT which are attributable to third parties.

**NINTH DEFENSE**

CSX's alleged damages are the result of acts or omissions of other third parties over whom DEFENDANT has no responsibility or control.

**TENTH DEFENSE**

CSX's claims are barred, in whole or in part, from any recovery on the cause of action alleged in the Complaint based on the equitable doctrine of unclean hands.

**ELEVENTH DEFENSE**

CSX's claims are barred as the delay in returning possession of the rail cars to CSX within the allotted "free time" prescribed by CSX's demurrage tariff CSXT 8100 was beyond the control of DEFENDANT and/or was caused by CSX itself, or other third parties.

**TWELFTH DEFENSE**

DEFENDANT did not breach any contractual agreement or term of any applicable tariff for the payment of the demurrage charges alleged in the Complaint.

**THIRTEENTH DEFENSE**

CSX's claims are barred, in whole or in part, due to lack of privity of contract between the parties.

**FOURTEENTH DEFENSE**

CSX's claims are barred, in whole or in part, because CSX failed to comply with the applicable terms and conditions set forth in CSX's own demurrage tariff, CSXT 8100.

**FIFTEENTH DEFENSE**

CSX's claims are barred, in whole or in part, because DEFENDANT did not detain the rail cars at issue beyond the specified period of "free time" prescribed by CSX's tariff, CSXT 8100.

**SIXTEENTH DEFENSE**

CSX's claims are barred because DEFENDANT did not have actual notice of the terms and conditions of CSX's revised demurrage tariff in effect prior to delivery of the rail cars to DEFENDANT on the dates alleged.

**SEVENTEENTH DEFENSE**

CSX's claims are barred, in whole or in part, because any alleged detention of the rail cars was caused by third parties over whom DEFENDANT has no responsibility or control and/or was caused by CSX itself.

**EIGHTEENTH DEFENSE**

CSX's claims are barred or limited because CSX's claimed damages are speculative, remote, not sufficiently definitive under applicable law, and/or were otherwise avoidable in whole or in part

**NINETEENTH DEFFENSE**

CSX's claims are barred, in whole or in part, because DEFENDANT had no right or ability to control, affect or otherwise mitigate any alleged demurrage charges assessed against DEFENDANT by CSX.

**TWENTIETH DEFENSE**

CSX's claims are barred, in whole or in part, for failure of consideration.

## TWENTY-FIRST DEFENSE

CSX's claims are barred, in whole or in part, because the applicable terms and conditions of CSX's tariff, CSXT 8100, does not require DEFENDANT to pay the full extent of alleged demurrage charges that CSX is seeking against DEFENDANT in this action.

## TWENTY-SECOND DEFENSE

DEFENDANT expressly reserves the right to assert any additional defenses or affirmative defenses which it deems applicable during the course of discovery in this action.

DEFENDANT denies each and every request for relief in the WHEREFORE clause of the Complaint and demands strict proof thereof.

## DEMAND FOR JURY TRIAL

DEFENDANT reserves the right to a jury trial on all claims so triable.

WHEREFORE, having fully answered CSX's Complaint, DEFENDANT respectfully requests that this Court enter judgment in its favor and against CSX on Count I of the Complaint, award DEFENDANT all costs and attorneys' fees incurred in defending this action, and for all such other relief as the Court deems appropriate.

Dated: October 9, 2020          **MILMAN LABUDA LAW GROUP PLLC**
*Attorneys for Plaintiff*
By: /s/
Michael J. Mauro, Esq.
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899
michael@mllaborlaw.com