# KEENAN COHEN & MERRICK P.C.
A TRANSPORTATION LAW PRACTICE

NICHOLAS J. HUBNER
DIRECT DIAL: 267-628-1521
nhubner@freightlaw.net

125 COULTER AVENUE
SUITE 1000
ARDMORE, PA 19003

215-609-1110
(FAX) 215-609-1117

December 11, 2020

*Via ECF*
Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:   CSX Transportation, Inc. v. Newhaven Distribution Services, Inc.
U.S.D.C. Southern District of New York; Case No. 1:20-cv-07123
Our File No. 1326.538

Dear Judge Nathan,

The undersigned counsel for plaintiff CSX Transportation, Inc. ("CSX") and defendant Newhaven Distribution Services, Inc. ("Newhaven") respectfully submit this pretrial conference joint letter in accordance with the Court's rules and the Federal Rules of Civil Procedure. The pretrial conference is currently scheduled for December 18, 2020 at 3:00 PM. Pursuant to the Court's December 7, 2020 Order (ECF No. 11), the parties agree that we can do without a conference altogether in this matter. However, should the Court decide that a conference is necessary, the parties will make themselves available.

1. A brief statement of the nature of the action and the principal defenses thereto.

   **Plaintiff**:   **CSX has asserted claims against Defendant arising from Defendant's failure to pay rail demurrage charges which total not less than $1,029,505.00. Essentially, the charges arise from Defendant's failure to release rail cars within the free time provided by CSX's demurrage tariff, which resulted in the accrual of the charges at issue pursuant to 49 U.S.C. § 10746 and governing regulations. As the entity receiving the railcars, Defendant is responsible for those charges. Additionally, per CSX's demurrage tariff, CSX is entitled to recover finance charges, late fees, attorney's fees and costs which continue to accrue. The charges at issue in this suit are specifically owed by Newhaven and remain unpaid to date.**

   **Defendant**:   **At this time, Newhaven contends *inter alia* there is neither contractual nor statutory liability for the alleged demurrage charges.**

> **Newhaven also contends that doctrines of estoppel and waiver preclude liability.**

2. A brief explanation of why jurisdiction and venue lie in this Court.

> **Jurisdiction and venue are not disputed.** *See* **ECF No. 10, ¶¶ 3-6. This Court has federal jurisdiction based upon 28 U.S.C. § 1337 as this is a cause of action arising under the Interstate Commerce Act, 49 U.S.C. §§ 10101 et seq. Also, diversity jurisdiction exists based upon 28 U.S.C. § 1332 as CSX and Newhaven are corporate citizens of different states and the amount in controversy is in excess of $75,000. Specifically, CSX is incorporated under the laws of the Commonwealth of Virginia with its principal office in the State of Florida (ECF No. 1). Newhaven is incorporated under the laws of the State of New Jersey with its principal place of business in the State of New York, located at 999 E. 149th Street, New York, NY 10000. (ECF No. 10).**

3. A brief description of all outstanding motions and/or all outstanding requests to file motions.

> **None at this time.**

4. A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations.

> **<u>Plaintiff</u>:** **CSX has produced copies of the demurrage invoices at issue and a calculation of the daily/monthly/yearly finance charges accruing. (CSX 000001-87). CSX also produced the relevant tariffs (CSX 000088-663).**
>
> **<u>Defendant</u>:** **Newhaven has not yet produced discovery items.**

5. A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.

> **None to date.**

6. The estimated length of trial.

> **The parties estimate that the length of trial shall be 3 days.**

7. Any other information that the parties believe may assist this Court in resolving this action.

> **Given the exigent circumstances surrounding the pandemic, the parties have requested a discovery deadline beyond the standard 120 days from the date of**

**the initial pretrial conference. The parties agree this additional time is necessary to facilitate the exchange of information related to this matter and to prepare, schedule and take depositions.**

    Respectfully Submitted,

    s/ Nicholas J. Hubner
    Nicholas J. Hubner
    Keenan Cohen & Merrick P.C.
    125 Coulter Ave., Suite 1000
    Ardmore, PA 19003
    Telephone: (215) 609-1110
    Facsimile: (215) 609-1117
    Email: nhubner@freightlaw.net
    *Attorneys for Plaintiff*
    *CSX Transportation, Inc.*

    s/ Michael J. Mauro, Esq.
    Michael J. Mauro, Esq.
    Milman Labuda Law Group PLLC
    3000 Marcus Ave.
    Suite 3W8
    Lake Success, NY 11042
    Telephone: (516) 328-8899
    Facsimile: (516) 328-8899
    Email: michael@mllaborlaw.com
    Attorneys for Defendant
    Newhaven Distribution Services, Inc.