**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X
:
CSX Transportation, Inc.,                                        :        20-CIV-7123 (AJN)
:
                Plaintiff,                        :
:        **AMENDED STIPULATION**
   against                                                        :        **AND PROPOSED**
:        **PROTECTIVE ORDER**
Newhaven Distribution Services, Inc.                             :
                              Defendant.  :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/21

       WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED: that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

       1.      Counsel for any party, or non-party as a result of a subpoena, may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party or non-party as confidential will be stamped or otherwise clearly designated as "Confidential." The protection of a Confidential designation expressly extends to documents or information produced by a non-party in response to a subpoena, and the party that issued the subpoena may not alter such designation.

       2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

       3.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, including notification to the producing party or non-party of the challenge, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party or non-party reserves the right to object to the use or admissibility of the Confidential Information.

       4.      The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "Confidential" shall not be disclosed to any person, except:

      a.      The requesting party and counsel, including in-house counsel;
      b.      Employees of such counsel assigned to and necessary to assist in the litigation;
      c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
      d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:
      a.      Inform the person of the confidential nature of the information or documents;
      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
      c.      Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. Any such designation must be made within 30 days of the disclosure of the document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. With respect to any depositions that involve a disclosure of Confidential information of a party (or non-party) to this action, such party (or non-party) shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of counsel. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4 above, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Protective Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work- product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right, or a non-party's right pursuant to a subpoena, to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal. If a party intends on filing a document designated as "Confidential" that was produced by a non-party, but does not intend to file under seal, then the party must confer in good faith with counsel for the producing party in advance of such filing.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

*s/Nicholas J. Hubner*  
Nicholas J. Hubner, Esq.  
125 Coulter Avenue, Ste. 1000  
Ardmore, PA 19003  
*Attorneys for Plaintiff*

Dated: July 1, 2021

**SO ORDERED.**

Dated:   New York, New York  
_____ July 1, 2021 _____

*s/Michael J. Mauro*  
Michael J. Mauro, Esq.  
3000 Marcus Ave., Suite 3W8  
Lake Success, NY 11042  
*Attorneys for Defendant*

Dated: July 1, 2021

_____  
JUDGE ALISON J. NATHAN  
United States District Judge

> Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal or with any of the Court's other Individual Practices as relevant. SO ORDERED.

**<u>Agreement</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)